JOHN E. BURTON and ANN B. BURTON,

*vs.*

ROBERT L. HARRIS, EX'R. of ISAAC SHORT, dec'd.

*Sussex, July T.,* 1830.

I. S. intermarried with a female guardian of two minors. Certain goods, in the purchase of which the funds of the minors had been invested, were sold by the husband, and a bond for the proceeds taken in his own name. Afterwards, he joined the wife in passing guardian accounts, in which they were charged jointly with the funds of the wards. *Held,* that the husband was liable in equity to account to the wards.

45

In such case equity will follow the funds, and the guardian accounts are evidence that these have come to the husband's hands.

The liability of the husband is not discharged by his death, but his estate becomes bound.

BILL IN EQUITY.—The complainants were children of Cornelius Burton, dec'd, and as his legal representatives were entitled to certain real and personal estate. Their mother, Sarah Burton, became the administrator of the decedent and guardian of the children. There came to her hands, as guardian, certain funds of her wards, composed of rents of their real estate and their share of the deceased father's personal estate. These funds she invested in the purchase of merchandise, with which she set up a store in partnership with Elisha Burton. In this condition of the estate of the minors the mother, their guardian, on the 23rd of Feb., 1823, intermarried with Isaac Short. On the 4th of March, 1824, the partnership was dissolved, and by agreement between Short and Burton the goods were relinquished to the former. Short took possession of the stock and sold it to a purchaser, taking for the purchase money a bond in his own name. Afterwards, on the 11th March, 1825, Short and his wife passed guardian accounts, in which they were charged jointly with the funds received, to wit ; an account of the guardianship of John C. Burton, shewing a balance due him of $2126.88 ; and also an account of the guardianship of Ann B. Burton, showing a balance due her of $559.54. Afterwards Isaac Short died, and subsequently to his death Sarah Short passed guardian accounts, in which she charged herself with the balances shown on the former accounts passed by herself and her deceased husband, Isaac Short, jointly. The accounts passed by Mrs. Short after her husband's death, were signed by her with a reservation, stating that she had not in fact received the former balances from Isaac Short's estate. Isaac Short died seized of considerable real and personal estate,

sufficient to answer for the balances due upon the guardian accounts in which he joined. This bill is filed against his executor, Robert L. Harris, to recover those balances out of his estate. The facts in the cause were not in controversy, and the case turned upon the question of Short's responsibility in equity, arising out of his having received the stock in which the funds of the wards had been invested and his having joined in the guardian accounts.

The bill was filed Feb. 24, 1827, and on the 8th of Feb., 1828, the late Chancellor Ridgely made a decree for an interlocutory account, to be filed by the defendant, with leave to the complainants to except, and also for the examination of witnesses on both sides. An account being filed under this decree, exceptions were taken by the complainants for the omission to charge the defendant, as Short's executor, with the balances due upon the guardian accounts before referred to. The case then came before the present Chancellor for argument upon the exceptions. The Chancellor treated the interlocutory decree as not being conclusive of any right between the parties, and proceeded to hear the case upon the general question of the defendant's responsibility under the guardian accounts.

*Robinson,* for the complainant.

The guardian accounts, of themselves, fix the liability of Short's estate. By joining in them he bound himself and his estate after him for this debt, as the debt of the wife. But it is sufficient to rest Short's liability upon the fact that the money of the wards, which we seek to recover, came to his hands. Of this fact the guardian accounts are an acknowledgment, and are conclusive against him. These accounts, as they stand, bind us, and if so, Short as a party to them must be equally bound. 1 *Stark. Ev.* 309, 312. But, were we to go behind the accounts, it is proved that

as a matter of fact, Short received the wards' funds. It is in evidence that their money was invested in the purchase of certain store goods, which Short sold, and took to himself the purchaser's bond for the price. This is like the case in 1. *Eq. Cas. Abr.* 60. Now, it is a principle of equity that no conversion of a trust fund shall defeat the recovery of it by the party entitled, so long as it can be traced. Whoever receives it shall answer for it. *Dig. of Chanc. Cas.* 200. This principle renders Short's estate liable.

*J. M. Clayton* and *E. D. Cullen*, for the defendants.

Our defence is two-fold. 1. We deny that there is any liability of Short's estate, upon either of the grounds relied on for the complainant. With respect to Short's responsibility, as a legal consequence of the marriage, for this debt of his wife, such responsibility was extinguished by his death, upon the happening of which the debt survived against her alone. Such is the settled rule of law. 3 *P. Wms.* 410 : *Cas. Temp. Talbot,* 173 : 1 *Sch. & Lef.* 263. Then, as to the effect of Short's joining in the guardian account. He joined only in his character as husband of the guardian, the person really responsible, and not as charging himself. Such is the general practice, and these accounts are in the common form. In accordance with this view it was that Mrs. Short, after her husband's death, passed further guardian accounts which charged her alone ; nor is the legal effect of these last accounts at all varied by her statement in them that she had not in fact received the money of her wards. Further, we deny that Short became personally chargeable, as having in fact received the money of these complainants, upon the principle that equity will follow a trust fund. The goods for which the bond of the purchaser was given belonged to the children and not to Short. Therefore, the bond as to him was without consideration and void. Besides, we deny that the money, even if received by Short, could be followed.

That would be to strain the equitable principle too far, and would carry it to the extent of following the goods themselves into the hands of an innocent purchaser.

2. Our second defence is that the complainants have an ample remedy at law by suit against Mrs Short and her sureties in the guardian bond ; and there is no need of equitable interference. Mrs. Short is the party primarily liable, and this suit is in effect one for her benefit, though instituted in the name of her wards. At all events, she is interested in the suit and should have been made a party. For, she is liable over to the executor of Short, should there be a decree against him. The bill is defective in omitting to join her as a defendant. *Cooper's Eq. Pl.* 33. Even if Short did receive the money, Mrs. Short is the party properly liable to the wards, with a remedy over for her against Short's estate. 4 *Bro. Ch. Rep.* 336 : *Coop. Eq.* 174 : 1 *Harrison's Ch. P.* 77.

*Robinson,* in reply.

If Mrs. Short be deemed a necessary party she can be made so at any time, even at the hearing. The case of the husband being discharged by his death from liability for the wife's debts is where he has done no act in his lifetime to make them his own. This Short has done in the present case, by joining in the guardian accounts. They are his accounts, not the wife's. Her signing them is a nullity. Nor is his liability, once fixed by these accounts, discharged by her passing separate accounts after his death ; especially as the latter shew, on their face, that she had not received the money. It is not true that we have an adequate remedy at law. The surety is not good, and the debt cannot be got out of Mrs. Short. At all events we have a right in equity to follow the fund, and with respect to that, Short's liability was to the minors, and the suit is properly in their name.

Johns, Sr., Chancellor.—I am of opinion that Isaac Short's estate is liable for the balances of the two guardian accounts passed by him and his wife, 11th March, 1825, and for the rents received by him during the coverture and not accounted for, subject to such disbursements made by him, or by his executor, for the benefit of the wards as have not been allowed in the guardian accounts.

The act of passing the accounts by Short is of itself sufficient to charge him in the absence of other proof. It is true there is much other proof, but it does not negative the existence of a consideration for charging himself with the whole of the balances due the wards. On the contrary, it satisfactorily appears that after his marriage with Sarah, the guardian, sufficient property or funds, which equitably belonged to the minors and should be applied to pay them, came to the hands of Isaac Short. He was therefore, in equity and good conscience, bound to pay the minors the balances due to them. The signing of the guardian account by the wife was a nullity. It can have no legal effect as to her; but he was bound by his act in charging himself. Suppose they had joined in a bond or recognizance. It would have bound him and not her. The death of Isaac Short cannot operate to destroy the liability in equity. It is argued that the remedy should be by suit at law. But it is doubtful whether there could be a recovery at law against the executor of Short, who was not then guardian. It may even be doubted whether the complainants could, at law, sue the sureties for money which in fact came by the marriage to the hands of Isaac Short. It would at all events be inequitable that his death should exonerate his estate and make his widow, Sarah, the guardian, or her sureties, liable to pay the debt when the funds out of which it should be paid have been taken from her, and it is to be presumed now constitute a part of Isaac Short's estate.

It is certain that a court of equity will always allow a

creditor to follow the fund, if it can be traced, and will make it liable. Isaac Short's estate should, on principles of equity, be responsible to the extent of the property which came to his hands and which ought to be applied to pay the minors. The passing of the guardian accounts is evidence presumptive that the funds came to his hands. There is, therefore, sufficient ground for a decree charging his estate to the extent of the funds received by him, subject to disbursements properly made for the benefit of the minors. Let the amount for which the decree shall be entered be ascertained by the counsel.

Decree accordingly.